# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93 Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not for Domestic Relations Cases) | Case Number CV2009-562<br>☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐-☐☐<br><br>Date of Filing:  Judge Code:<br>☐☐ ☐☐ ☐☐☐☐  ☐☐☐☐☐<br>Month Day Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MOBILE _____ COUNTY

Plaintiff  JEAN SHIRAH  v. Defendants  CREDITORS FINANCIAL GROUP, LLC

1st Plaintiff: ☐ Business  **X Individual**     First Defendant  **X Business**  ☐ Individual
              ☐ Government ☐ Other              ☐ Government ☐ Other

NATURE OF SUIT: Select primary cause of action, by checking box (*check only one*) that best describes your action:

**TORTS PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Products Liability/AEMLD
☐ TOMM - Malpractice - Medical
☐ TOLM - Malpractice - Legal
☐ TOOM - Malpractice - Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAB - Abandoned Automobile
☑ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certification Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoens/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Non-Damage Actions (Declaratory Judgment, injunction)
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Wills/Trusts/Estates/Guardianships
☐ COMP - Workmen's Compensation
**X CVXX - Miscellaneous Circuit Civil Case**

ORIGIN (check one):  F **X Initial Filing**    A ☐ Appeal from District Court    O ☐ Other _____
                     R ☐ Remanded              T ☐ Transferred from Other Circuit Court

HAS JURY TRIAL BEEN DEMANDED?  **X Yes**  ☐ No   NOTE: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

RELIEF REQUESTED:  ☐ MONETARY AWARD REQUESTED   ☒ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:

| R | I | E | 0 | 0 | 3 |
|---|---|---|---|---|---|

March 27, 2009
Date                          Signature of Attorney/Party filing this form

MEDIATION REQUESTED:  ☐ YES  ☐ NO   **X UNDECIDED**

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JEAN SHIRAH,

    Plaintiff,

vs.

    Case No.: 09-562 RPS

CREDITORS FINANCIAL GROUP, LLC,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Jean Shirah, (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

2. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant Creditors Financial Group, LLC ("CFG"), is a corporation which is, upon information and belief, incorporated under the laws of the State of New York and has its principal place of business in the State of Colorado. For all relevant times, CFG was engaged in business within the State of Alabama, including the collection of debts. CFG is regularly engaged in the practice of debt collection.

### FACTS

4. On February 10, 2009, Plaintiff received a collection call from Creditors Financial Group, LLC ("CFG"). CFG is a debt collector. This was the first contact CFG had made with Plaintiff. The CFG collector told Plaintiff that they were calling about a Bank of America debt in the amount of $7,400.00. Ms. Shirah told the collector that she did not recall having an account with Bank of America, but the collector insisted that she owed the debt and demanded immediate payment. On the same call, the collector offered to settle the $7,400 debt for $5,600. The collector

insisted that Plaintiff make an immediate phone payment. When Ms. Shirah would not pay without some proof that she owed the debt, the collector turned the call over to a "supervisor." The "supervisor" was much more insistent and he told her that if she did not pay the $5,600 that day, her wages would be immediately garnished.

5. During the February 10th telephone conversation, Plaintiff asked for documentation regarding this alleged debt. She also mailed a letter that same day to Defendant stating that she disputed the debt and requested documents verifying the alleged debt.

6. At no point in time has Defendant provided any disclosure regarding Plaintiff's right to dispute the debt and request verification, as required by 15 U.S.C. 1692(g). Defendant did send a letter dated February 10, 2009, but the required notice regarding Plaintiff's right to dispute was not provided.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

7. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

8. This is a claim asserted against CFG for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

9. Defendant CFG is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant has violated the FDCPA in connection with its collections actions taken against Plaintiff. Defendant's violations include, but are not limited to, the following:

   a. Attempting to collect a debt by use of threats of future actions which Defendant could not take or had no intention of taking in violation of 15 U.S.C. § 1692e(5);

   b. Attempting to collect a debt by use of false, deceptive and/or misleading statements aimed at coercing the Plaintiff to pay a debt. This is a violation of 15 U.S.C. § 1692e(10);

2

c. Making repeated attempts to collect upon a debt without notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a); and

d. Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1).

11. All of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

12. As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment.

13. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant CFG for the following:

A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

B. Statutory damages pursuant to 15 U.S.C. 1692k;

C. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D. Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

/s/ 
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kjr@alaconsumerlaw.com

PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:

Creditors Financial Group, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Revised 4-1-99; 11-1-99; 11-3-05

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JEAN SHIRAH
_____
Plaintiff,

vs.

CREDITORS FINANCIAL GROUP LLC
_____
Defendant,

* * * * * *

CIVIL ACTION NO. CV 09-00562

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

   a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

   b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

   c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL EXPENSES**

   a. If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

   b. Any such bills not timely exhibited to the other parties will jot be admitted in evidence at trial unless the ends of justice so require.

   c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.  **SPECIAL DAMAGES**

a.  All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b.  Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.  **AGENCY-TIME AND PLACE-DUTY**

a.  Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.  **EXPERTS**

a.  Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.  Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.  Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

d.  Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.  **DISCOVERY**

Discovery shall be completed 30 days prior to the trial date. On written motion for good cause shown, the court may allow discovery within this 30-day period.

7.  **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

8.  **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

9.  **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

10. **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

11. **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____ MAR 2 7 2009 _____, 2008.

_____
Charles A. Graddick, Presiding Circuit Judge

# ORIGINAL

Locator #              SUMMONS-CIVIL        Case Number CV-09- 562

Date Prepared

Debtor #

IN THE    Circuit       COURT OF     Mobile      COUNTY

Plaintiff    Jean Shirah

NOTICE TO: Creditors Financial Group, LLC, c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Mongomery, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY Kenneth J. Riemer WHOSE ADDRESS IS 166 Government Street, Suite 100, Mobile, Alabama 36602 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

[ ] TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[X] This service by CERTIFIED MAIL of this summons is initiated upon the written request of the Plaintiff pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

3-27-09            JoJo Schwarzauer    By: _____
DATE               CLERK/REGISTER

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

RETURN ON SERVICE

[ ] Certified Mail return receipt received in this office
(Return receipt hereto attached)

[ ] I certify that I personally delivered a copy of the _____ in _____

Date _____

Address of Server _____

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

Postage $ _____
Certified Fee _____
Return Receipt Fee (Endorsement Required) _____
Restricted Delivery Fee (Endorsement Required) _____
Total Postage & Fees $ _____
Postmark Here

Creditors Financial Group, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X The Corporation Company      ☐ Agent   ☑ Addressee

B. Received by (Printed Name)    C. Date of Delivery
The Corporation Company            4/6/09

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
   If YES, enter delivery address below:

1. Article Addressed to:

Creditors Financial Group, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

CV 09 - 00562  C+S

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0001 4126 2430

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**AlaFile E-Notice**

02-CV-2009-000562.00
Judge: JUDGE RICK STOUT

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JEAN SHIRAH VS CREDITORS FINANCIAL GROUP LLC
02-CV-2009-000562.00

The following matter was served on 4/6/2009

D001 CREDITORS FINANCIAL GROUP LL
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov