# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEAN SHIRAH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **1:09-cv-00248** |
| **CREDITORS FINANCIAL** | ) | |
| **GROUP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AGREED PROTECTIVE ORDER

This lawsuit is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, good cause having been shown under FED. R. CIV. P. 26(c), and it appearing that all of the parties consent to entry of this Agreed Protective Order, IT IS HEREBY ORDERED AS FOLLOWS:

1. All confidential information in this case shall be used solely for the purposes of this litigation and for no other purpose.

2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark

such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.

5. The parties may designate deposition testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. Said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's

notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order and be fully familiar with its provisions.

8. Inadvertent production of any document or material without a

designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. Said designation must be made within 7 days of the original production.

9. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Within fourteen (14) days of receipt of that objection, counsel shall attempt to resolve the dispute informally. If no agreement can be reached, the designating party may move for an order that the information shall be treated as confidential or other relief but must do so within 14 days after the parties have determined that they are not able to agree to the designation.

10. If one party desires to file or offer into evidence any document or transcript that has been designated as confidential, that party must provide the other party with at least five (5) business days advance notice. Counsel for the designating party must promptly move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The documents shall continue to be treated in accordance with the provisions of this Order until the

motion is ruled upon.

11. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court.

12. This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

IT IS SO ORDERED, this 4th day of August, 2009.

_____
United States ~~District~~ Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEAN SHIRAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:09-cv-00248 |
| CREDITORS FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIRMATION

The undersigned hereby affirms that the undersigned has read and understands the Agreed Protective Order dated _____, 2009; is and hereby does become a party to such Agreed Protective Order; and agrees to abide by the terms thereof. This affirmation and agreement is being made to induce the parties to said actions to make available to the undersigned certain items designated as "CONFIDENTIAL."

Executed this \_\_\_ day of _____, 2009.

_____

48274.1